IN THE MATTER OF THE APPEAL OF ROBERT O. WILLIS AND WIFE, MARY JO
WILLIS, Petitioners, AND CITY OF SOUTHPORT BOARD OF ADJUSTMENT
AND CITY OF SOUTHPORT, Respondents, ROBERT O. WILLIS AND MARY JO
WILLIS, Plaintiffs v. CITY OF SOUTHPORT BOARD OF ADJUSTMENT AND
CITY OF SOUTHPORT, Defendants

No. COA96-1496

(Filed 19 May 1998)

**Zoning § 121 (NCI4th)— superior court order—reversal of
board of adjustment—characterization of issues and
standard of review**

The trial court's order setting aside a board of adjustment's
determination that petitioners are in violation of a city zoning
ordinance is reversed and remanded for entry of a new order
characterizing the issues before the court and setting forth the
standard of review applied by the court in resolving each of those
issues.

Judge Lewis dissenting.

Appeal by respondents from order entered 4 October 1996 by
Judge William C. Gore, Jr. in Brunswick County Superior Court.
Heard in the Court of Appeals 27 August 1997.

*Robert W. Kilroy for petitioners-appellees.*

*Heller and Serra, by Robert K. Serra, and Fairley, Jess &
Isenberg, by Michael R. Isenberg, for respondents-appellants.*

JOHN, Judge.

Respondents City of Southport Board of Adjustment (the Board)
and City of Southport (the City) appeal the trial court's 4 October
1996 order setting aside the Board's determination that petitioners
Robert and Mary Jo Willis were in violation of a City zoning ordinance
(the ordinance). For the reasons set forth herein, we reverse the trial
court's order and remand for entry of a new order to include specifi-
cation of the standard of review utilized by that court.

In view of our disposition of this matter, a detailed recitation of
background information is unnecessary. Suffice it to state that on 3
May 1995 petitioners appealed the Board's determination they were
in violation of the ordinance by filing in Brunswick County Superior
Court a Petition for Writ of Certiorari and Complaint for Declaratory

Judgment. Following a hearing, the trial court set aside the Board's decision 4 October 1996 in an order finding as fact the "absence of defined criteria or objective standards" in the record to support the Board's "erroneous" conclusions, and holding the conclusions to be "arbitrary and not supported by the record." Respondents timely appealed to this Court.

A legislative body such as the Board performs a quasi-judicial function when hearing evidence and determining whether a local ordinance has been violated. *See Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 625, 265 S.E.2d 379, 382 (1980) (board of aldermen performs quasi-judicial function "when it hears evidence to determine the existence of facts and conditions upon which the ordinance expressly authorizes it to issue a conditional use permit"). Accordingly, the Board's decisions are "subject to review by the superior court by proceedings in the nature of certiorari," N.C.G.S. § 153A-345(e) (1991), wherein the superior court is not a trier of fact, but assumes the posture of an appellate court. *Mize v. County of Mecklenburg*, 80 N.C. App. 279, 284, 341 S.E.2d 767, 770 (1986).

The North Carolina Administrative Procedure Act (APA) governing judicial review of agency rulings expressly excludes from its purview the decisions of local municipalities. *Concrete Co.*, 299 N.C. at 624, 265 S.E.2d at 382. Nonetheless, the principles of the APA are "highly pertinent" to the process of judicial review as applied to decisions of municipal bodies such as the Board. *See id.* at 625, 265 S.E.2d at 382. Accordingly,

the task of a court reviewing a decision . . . made by a town board sitting as a quasi-judicial body includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Id.* at 626, 265 S.E.2d at 383. The scope of judicial review, however, "is limited to errors alleged to have occurred before the local board." *Tate Terrace Realty Investors, Inc. v. Currituck County,* 127 N.C. App. 212, 218, 488 S.E.2d 845, 848, *disc. review denied,* 347 N.C. 409, 496 S.E.2d 394 (1997):

> If [petitioner] argues the [board's] decision was based on an error of law, then *"de novo"* review is required . . . . If, however, [petitioner] questions (1) whether the [board's] decision was supported by the evidence or (2) whether the [board's] decision was arbitrary or capricious, then the reviewing court must apply the "whole record" test.

*In re Appeal by McCrary,* 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993) (citations omitted). Further,

> *"De novo"* review requires a court to consider a question anew, as if not considered or decided by the [board] . . . . The "whole record" test requires the reviewing court to examine all competent evidence (the "whole record") in order to determine whether the [board] decision is supported by "substantial evidence."

*Amanini v. N.C. Dept. of Human Resources,* 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994) (citations omitted).

However, while "[t]he nature of the contended error dictates the applicable scope of review," *Utilities Comm'n v. Oil Co.,* 302 N.C. 14, 21, 273 S.E.2d 232, 236 (1981), this rule

> should not be interpreted to mean the manner of . . . review is governed merely by the label an appellant places upon an assignment of error; rather, [the court] first determine[s] the actual nature of the contended error, then proceed[s] with an application of the proper scope of review.

*Amanini,* 114 N.C. App. at 675, 443 S.E.2d at 118.

While the APA specifically guides the superior court's review of quasi-judicial decisions, *Concrete Co.,* 299 N.C. at 624, 265 S.E.2d at 382, the statute does not designate the standard to be employed by our appellate courts in reviewing subsequent appeals from the superior court. *Amanini,* 114 N.C. App. at 674, 443 S.E.2d at 118. Nonetheless, our Supreme Court recently declared that appellate courts, in considering decisions of the superior court regarding *agency* decisions, are to

"examine[] the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly."

*Act-Up Triangle v. Comm'n for Health Servs.*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (quoting *Amanini*, 114 N.C. App. at 675, 443 S.E.2d at 118-19)). We believe appellate review of a superior court judgment on a writ of certiorari regarding the action of a quasi-judicial body (such as the Board herein), being derivative of the power of the superior court to review the action, *Sherrill v. Town of Wrightsville Beach,* 76 N.C. App. 646, 649, 334 S.E.2d 103, 105 (1985), is "likewise governed by analogy to the APA." *Tate Terrace,* 127 N.C. App. at 219, 488 S.E.2d at 849.

Accordingly, the threshold issue in the case *sub judice* is whether the trial court "exercised the appropriate scope of review." *Act-Up,* 345 N.C. at 706, 483 S.E.2d at 392. Absent a declaration by the superior court denominating its process of review, *see Amanini,* 114 N.C. App. at 675, 443 S.E.2d at 118, we look to the parties' "characterization of the alleged error on appeal [to the trial court]." *Id.*

In their briefs to the trial court regarding the petition for certiorari, the parties presented arguments on the questions of 1) whether the evidence supported the Board's decision or whether that decision was arbitrary and capricious, and 2) whether the Board's decision was based upon errors of law. Accordingly, the trial court should have applied the whole record test to resolve the former issues, and *de novo* review to resolve the latter. *See Amanini,* 114 N.C. App. at 674, 443 S.E.2d at 118.

The trial court set aside the ruling of the Board, citing the lack of "defined criteria or objective standards" within the record to support the Board's "erroneous" and "arbitrary" conclusions. The order of the court further provided that it was "[b]ased upon [the court's] review of the stipulated record in this matter," indicating the court employed the whole record test in reaching its decision. *See Act-Up,* 345 N.C. at 706-07, 483 S.E.2d at 392 (record indicated superior court applied whole record standard of review because its order stated Commission's decision " 'was supported upon the whole record' "). However, the trial court's order also asserted its right to "substitute its judgment [for that of the Board] as to conclusions of law," suggesting it may also have applied *de novo* review. *See Amanini,*

IN RE APPEAL OF WILLIS

[129 N.C. App. 499 (1998)]

114 N.C. App. at 674, 443 S.E.2d at 118 (trial court must apply *de novo* review to resolve whether agency decision was based upon error of law).

Therefore, while the court's order in effect set out the applicable standards of review, it failed to delineate which standard the court utilized in resolving each separate issue raised by the parties. Moreover, while the court may have disagreed with the parties' characterization of the issues, it failed to specify its own "determin[ation of] the actual nature of the contended error" before proceeding with its review. *Amanini*, 114 N.C. App. at 675, 443 S.E.2d at 118. As a result of these omissions, this Court is unable to make the requisite threshold determination that the trial court "exercised the appropriate scope of review," *id.* at 675, 443 S.E.2d at 118-19, and we decline to speculate in that regard. It follows that we likewise are unable to determine whether the court properly conducted its review. *See Act-Up*, 345 N.C. at 706, 483 S.E.2d at 392.

Based on the foregoing, therefore, the order of the trial court is reversed and this matter remanded to that court for entry of a new order in accordance with our opinion herein and specifically setting forth, *inter alia*, the court's characterization of the issues before it and the standard of review it applied in resolving those issues. The court may in its discretion receive additional evidence and hear further argument from the parties, but is not required to do so. *See Smith v. Smith*, 111 N.C. App. 460, 517, 433 S.E.2d 196, 230 (1993), *rev'd on other grounds*, 336 N.C. 575, 444 S.E.2d 420 (1994) (on remand, "court shall rely on the existing record . . . but may hear additional arguments from the parties and take such additional evidence as [it] finds necessary to correct the errors identified herein").

Reversed and remanded.

Judge SMITH concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I agree with the majority that when this Court reviews decisions of the superior court regarding agency decisions we must

examine[] the trial court's order for errors of law. The process has been described as a twofold task: (1) determining whether

the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly.

*Act-Up Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997). However, I disagree with the majority's conclusion that the superior court order in this case is insufficient to allow us to conduct a proper review.

Respondents assign error to the superior court's findings that one of the Board's findings of fact was arbitrary and that two of the Board's conclusions of law were erroneous. The superior court's factual and legal inquiries will be addressed separately.

I

The superior court found that the Board's finding that the petitioners were operating a commercial parking lot was arbitrary and not supported by the record. The superior court's decision was based on the absence of a definition for the term "commercial parking lot" in the Southport Zoning Ordinance and the absence of any "articulated and objective standard" used by the Board.

In determining whether an agency decision is arbitrary and capricious, a superior court must apply the "whole record" test. *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994). "The 'whole record' test requires the court to examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence.' " *Act-Up*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (citations omitted). A decision is arbitrary and capricious if it is "patently in bad faith or whimsical in the sense that [it] indicate[s] a lack of fair and careful consideration or fail[s] to indicate any course of reasoning and the exercise of judgment." *Act-Up*, 34 N.C. 669, 707, 483 S.E.2d 388, 393 (quoting *Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 420, 269 S.E.2d 547, 573 (1980)).

The superior court's analysis in this case certainly indicates that the superior court used the whole record test, because the court examined the basis of the Board's decision rather than substituting its own view. Furthermore, the superior court order states that the Board's finding is not supported by the record. Although the use of the words "whole record" would make the court's analysis clearer, I do not believe that any magic words are or should be required where the court's standard of review can be determined by examining the order. Because it is clear from the order in its entirety that the

superior court employed the correct standard of review, I believe that this court should go on to determine whether the court did so appropriately.

## II

I turn now to the superior court's determination that the Board's conclusions of law were erroneous. A de novo review is the proper scope of review where a superior court examines an agency's conclusions of law. *Amanini*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118. A de novo standard requires the reviewing court to "consider the question anew as if not considered or decided below." *Beauchesne v. University of North Carolina at Chapel Hill*, 125 N.C. App. 457, 462, 481 S.E.2d 685, 689 (1997).

In its order the superior court states, "In determining errors of law, a Superior Court may substitute its judgment as to conclusions of law." After stating the issues of fact and law, the superior court's order states, "Based on a review of the stipulated record in this matter, the conclusions of the Board of Adjustment are erroneous and not supported by the record."

This language is sufficient to demonstrate that a de novo standard of review was applied. The superior court's reference to the record does not imply that the whole record test was employed. The superior court must examine the record in order to review the issues de novo. It should be expected that, in conducting a de novo review, the superior court would refer to the record.

Furthermore, even if the superior court had not conducted a de novo review, it would still be appropriate for this Court to do so. *In re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993). Our ability to reach the second prong of the *Act-Up* analysis is automatic where a de novo review, rather than the whole record test, is appropriate. If the whole record test applies and the superior court did not employ it, then this Court would not be able to properly review the superior court's actions. The majority correctly treats the question of whether the superior court employed the whole record test as a threshold matter. However, under a de novo review, this Court must review the errors of law anew, as if not decided below and it is, therefore, unnecessary to determine whether the superior court employed the de novo review standard. Once this Court has determined that a de novo review should have been applied, we may proceed to conduct that review ourselves. Thus, I believe that this

Court should go on to examine the Board's legal conclusions as well as the Board's factual findings discussed above.

The superior court's order certainly could have been clearer. Ideally, every order would expressly state the standard of review employed. However, where the standard of review employed by the superior court can be determined from an examination of the order I see no reason to delay the resolution of a case. Our review should not be stalled merely because the order below did not set out the precise words that we would prefer to see. I believe that the majority's opinion is unduly critical and requires too much of the trial court in this case.

For the reasons discussed above, I must respectfully dissent.