WHITECO OUTDOOR ADVERTISING, A DIVISION OF WHITECO INDUSTRIES, INC., PETITIONER v. JOHNSTON COUNTY BOARD OF ADJUSTMENT, RESPONDENT

No. COA98-580

(Filed 2 March 1999)

### 1. Zoning— outdoor advertising—repair of nonconforming sign—permit required

There was sufficient evidence to support the Johnston County Board of Adjustment's decision that two outdoor advertising signs could not be rebuilt under the Johnston County Ordinance without a new building permit where Section 7.5 of the Ordinance provides that a permit is required when making repairs to a nonconforming sign which exceed fifty percent of the initial value of the sign as determined by the District Engineer; a letter was presented from the DOT District Engineer stating that he had determined that one sign was damaged in excess of fifty percent of its initial value and that he had observed that the sign had been replaced by new materials; the County Damage Assessment Team had determined that the signs were destroyed in a wind storm and that all of the poles used to support the signs had been snapped; and the Johnston County building inspectors had determined that the signs had been destroyed, with one building inspector testifying that new building materials were at the sites when he observed them.

**2. Zoning— outdoor advertising—repair of damaged sign— definition of value**

There was no manifest error of law in the Johnston County Board of Adjustment's interpretation of "value" in the portion of an ordinance dealing with repair of a sign.

**3. Zoning— board of adjustment hearing—evidence—due process**

The due process rights of an outdoor advertising company were not violated in a board of adjustment hearing where a letter from the DOT District Engineer was presented as part of sworn testimony and the sign company's counsel merely stated that she had not had the opportunity to review the letter. Local boards, such as municipal boards of adjustment, are not strictly bound by formal rules of evidence and, assuming that counsel's statement sufficed as a formal objection to the introduction of the letter, the sign company failed to show that it did not have ample opportunity to cross-examine the witness as to the contents of the letter or to present its own evidence.

Appeal by petitioner from order entered 18 February 1998 by Judge E. Lynn Johnson in Johnston County Superior Court. Heard in the Court of Appeals 11 January 1999.

*Wilson & Waller, P.A., by Betty S. Waller, for petitioner-appellant.*

*J. Mark Payne and W.A. Holland, Jr., for respondent-appellee.*

MARTIN, Judge.

Petitioner Whiteco Outdoor Advertising ("Whiteco") appeals from an order of the superior court affirming a decision of respondent Johnston County Board of Adjustment ("Board") denying Whiteco a use permit to rebuild two damaged billboard signs. The facts underlying this appeal are summarized from the record as follows:

In May 1996, Whiteco managed two billboard signs at different sites adjacent to Interstate 95 in Johnston County, North Carolina. One billboard is located on property owned by Joe Austin ("the Austin sign") and was constructed in January 1960; the other billboard was constructed in September 1982 and is located on property owned by William Kawecki ("the Kawecki sign"). The billboard signs are subject to regulation by both Johnston County and the North

Carolina Department of Transportation ("DOT"), and, prior to May 1996, were nonconforming with Johnston County Zoning Ordinance, Article 5.5, Spacing of Signs. The Austin sign was also nonconforming with DOT regulations and the North Carolina Outdoor Advertising Act.

On 6 May 1996, a windstorm damaged both billboards. Whiteco immediately undertook repairs to restore the signs. On 7 May 1996 the Johnston County Assessment Team for storm damage examined the signs and reported both signs as being "totally destroyed." On 8 May, Greg Smith, a Johnston County building inspector, examined both sites and noted the presence of destroyed sign poles, new sign building materials, including new poles erected at each site, as well as the absence of the old billboard faces. Based on this inspection, a notice was placed at each site informing Whiteco that building permits were required prior to replacing the signs. However, Whiteco continued replacement efforts without obtaining building permits.

On 22 May 1998, C.P. Thompson, Chief Building Inspector for Johnston County, informed Whiteco that the signs had been replaced in violation of stop work orders posted at both sites on 8 and 9 May, and that the signs should be removed. Whiteco was also notified by Calvin Genereux, Johnston County Planning Director, that the signs had been damaged in excess of 50% of their initial value, and that the Johnston County Zoning Ordinance prohibited their replacement. Mr. Genereux informed Whiteco that the County would not issue use permits for the signs to be rebuilt and instructed Whiteco to remove the signs. Whiteco denied that it had been made aware of the stop work orders prior to proceeding with the repairs and contended the cost of repairs to the signs did not exceed 50% of their respective values.

Whiteco appealed Mr. Genereux's decision to respondent Board. After a hearing, the Board determined that both signs had been damaged more than 50% of the original cost of erecting them, rejecting Whiteco's contentions that valuations of the signs should be determined by the income method or by the fair market value method. Whiteco petitioned the Johnston County Superior Court for a writ of *certiorari* to review the Board's decision. Whiteco now appeals from the superior court's order affirming the Board's decision.

---

In support of the six assignments of error contained in the record, Whiteco advances four arguments on appeal. Whiteco contends the trial court erred in (1) concluding the Board's decision was supported

by substantial competent evidence; (2) concluding that the Board's decision was not arbitrary or capricious; (3) finding that the Board's decision was free from errors of law; and (4) finding that Whiteco's right to due process was not violated by the consideration of evidence which Whiteco had no opportunity to cross-examine. After careful consideration of Whiteco's arguments, we affirm the order of the trial court.

While the Administrative Procedure Act ("APA") does not apply to decisions of town boards or local municipalities, the principles embodied in the APA are "highly pertinent" to a review of such boards. *Coastal Ready-Mix Concrete Co., Inc. v. Board of Commissioners*, 299 N.C. 620, 265 S.E.2d 379, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980). When reviewing the decision of such a board, the superior court should: (1) review the record for errors of law; (2) ensure that procedures specified by law in both statute and ordinance are followed; (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious. *Id.* at 626, 265 S.E.2d at 383. *See also, Appeal of Willis*, 129 N.C. App. 499, 500 S.E.2d 723 (1998). Our task, in reviewing a superior court order entered after a review of a board decision is two-fold: (1) to determine whether the trial court exercised the proper scope of review, and (2) to review whether the trial court correctly applied this scope of review. *Willis* at 502, 500 S.E.2d at 726 (quoting *ACT-UP Triangle v. Comm'n for Health Servs.*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997)).

[1] In this case, Whiteco contends the whole record does not contain substantial competent evidence to support the Board's decision. When the decisions of a board of adjustment are challenged as either unsupported by substantial competent evidence or arbitrary and capricious, the reviewing court conducts a "whole record test" to determine whether the Board's findings are supported by substantial evidence contained in the whole record. *Willis* at 501, 500 S.E.2d at 725. Substantial evidence is "evidence a reasonable mind might accept as adequate to support a conclusion." *Hayes v. Fowler*, 123 N.C. App. 400, 405, 473 S.E.2d 442, 445 (1996). Moreover, a decision may be reversed as arbitrary and capricious only where the petitioner establishes that the decision was whimsical, made patently in bad faith, indicates a lack of fair and careful consideration, or "fail[s]

to indicate 'any course of reasoning and the exercise of judgment . . . .' " *Adams v. N.C. State Bd. of Registration for Professional Engineers and Land Surveyors*, 129 N.C. App. 292, 297, 501 S.E.2d 660, 663 (1998) (citation omitted). In this case the Board's order cites the pertinent sections of Section 7.5 of the Johnston County Ordinance, which provides that a permit is required when "[m]aking repairs to a nonconforming sign . . . which exceeds 50 percent of the initial value of the sign as determined by the District Engineer." Section 7.7 of the ordinance states, "[n]o nonconforming sign shall be erected, replaced or otherwise modified in such a way as to increase its nonconformity. Reasonable repair and maintenance of nonconforming signs . . . is permitted, provided that a nonconforming sign which is damaged or deteriorated to the extent of fifty (50) percent or more of its value shall not be replaced unless it conforms to all provisions of this ordinance."

During the Board's hearing of this matter, the Planning Director was presented a letter from the DOT District Engineer stating that he had determined that the Austin sign was damaged in excess of 50% of its initial value, and that the Engineer observed that the sign had been replaced by all new materials. Evidence was also presented establishing that the County Damage Assessment Team determined that the signs were destroyed in the wind storm, and that all of the poles used to support the signs had been snapped in two. Johnston County building inspectors also inspected the signs and determined them to have been destroyed, and building inspector Smith testified that new building materials were at the sites when he observed them.

The foregoing evidence is sufficient to support the Board's decision that, under the Johnston County Ordinance, the signs had been damaged to the extent that they could not be rebuilt without petitioner's receiving a new building permit. While Whiteco presented evidence which would support a contrary decision, neither the trial court nor this Court may substitute its own judgment for that of the Board's. *See Hayes* at 405, 473 S.E.2d at 445 (a court engaging in a whole record review "may not substitute its judgment for that of the administrative body, however compelling the circumstance, merely because reasonable but conflicting views emerge from the evidence."); *See also, CG & T Corp. v. Board of Adjustment*, 105 N.C. App. 32, 411 S.E.2d 655 (1992). Moreover, in light of our holding that the Board's decision was supported by substantial competent evidence in the record, we also hold the Board's decision was neither arbitrary nor capricious, as the Board could reasonably conclude

from the evidence that the signs were damaged to the extent that a permit was needed for their replacement.

[2] Whiteco also contends the trial court erred in failing to find that the Board's decision was affected by error of law. Specifically, Whiteco asserts the Board erroneously interpreted the term "value" in section 7.7 of the ordinance as referring to the initial value of the sign, as opposed to the value of the sign at the time that it was damaged. Where the petitioner alleges that a board decision is based on error of law, the reviewing court must examine the record *de novo*, as though the issue had not yet been determined. *Willis* at 501, 500 S.E.2d at 725. However, "one of the functions of a Board of Adjustment is to interpret local zoning ordinances," and respondent's interpretation of its own ordinance is given deference. *CG & T* at 39, 411 S.E.2d at 659. Therefore, "our task on appeal is not to decide whether another interpretation of the ordinance might reasonably have been reached by the board," but to decide if the board "acted arbitrarily, oppressively, manifestly abused its authority, or committed an error of law" in interpreting the ordinance. *Taylor Home v. City of Charlotte*, 116 N.C. App. 188, 193, 447 S.E.2d 438, 442, *disc. review denied*, 338 N.C. 524, 453 S.E.2d 170 (1994).

Upon *de novo* review of the record, we do not believe the Board's interpretation of "value" as used in section 7.7 of the zoning ordinance to mean "initial value" is a manifest error of law. Article VII of the Johnston County Zoning Ordinance addresses damage to nonconforming signs in three different places; the first two references to value specifically state that the term signifies the initial value of the sign; section 7.7, which simply states "value", does not specify either initial or present value. In construing such ordinances we are obligated to adhere to fundamental principles of statutory construction, including ascertaining the legislative intent of the ordinance as indicated by the language, the spirit of the ordinance, and what the ordinance seeks to accomplish. *Hayes* at 404-5, 473 S.E.2d at 445; *Donnelly v. Bd. of Adjustment of the Village of Pinehurst*, 99 N.C. App. 702, 394 S.E.2d 246 (1990).

In the present case, we read the ordinance *in pari materia* such that it may be inferred that "value" in section 7.7 refers to "initial value", *see Empire Power Co. v. N.C. Dep't of E.H.N.R.*, 337 N.C. 569, 591, 447 S.E.2d 768, 781, *reh'g denied*, 338 N.C. 314, 451 S.E.2d 634 (1994). We also note that the intent and purpose of the ordinance is to prevent excessive repairs and replacements to signs already non-

conforming under the ordinance. While, as Whiteco argues, there may exist other reasonable interpretations of "value" under section 7.7 of the ordinance, no error of law occurred in the Board's interpretation thereof.

**[3]** Whiteco also contends the Board violated Whiteco's due process rights by considering as evidence a letter he received by Mr. Genereux from the DOT District Engineer. "Local boards, such as municipal boards of adjustment, are not strictly bound by formal rules of evidence, as long as the party whose rights are being determined has the opportunity to cross-examine adverse witnesses and to offer evidence in support of his position and in rebuttal of his opponent's." *Burton v. Zoning Board of Adjustment,* 49 N.C. App. 439, 442, 271 S.E.2d 550, 552 (1980), *cert. denied,* 302 N.C. 217, 276 S.E.2d 914 (1981) (citing *Humble Oil & Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E.2d 129 (1974)). A party who fails to object to the absence of such an opportunity waives any such right. *Id.*

In the present case, the letter from the DOT District Engineer was presented as part of the sworn testimony of Mr. Genereux, and was contained in an exhibit comprised of materials Mr. Genereux had received from the DOT. Upon Mr. Genereux's reference to the letter, Whiteco's counsel merely stated that she had not had the opportunity to review the letter, and that had she had such an opportunity she may have called the District Engineer to testify. Assuming, *arguendo,* counsel's statement sufficed as a formal objection to the introduction of the letter, Whiteco has failed to show how it did not have ample opportunity to cross-examine Mr. Genereux as to the contents of the letter on which his opinion was based, or to present its own evidence in support of the position that the signs had not been destroyed within the meaning of the ordinance.

The trial court's order upholding the decision of the Johnston County Board of Adjustment is affirmed.

Affirmed.

Chief Judge EAGLES and Judge McGEE concur.