SHANNON N. JORDAN, Appellant v. CIVIL SERVICE BOARD FOR THE CITY OF CHARLOTTE, and CITY OF CHARLOTTE, Respondents

No. COA99-453

(Filed 18 April 2000)

**Public Officers and Employees— firing of police officer—superior court order—characterization of issues and standard of review**

The trial court's order affirming the Civil Service Board's decision to dismiss plaintiff from his employment with the city's police department is reversed and remanded for entry of a new order characterizing the issues before the court and setting forth the standard of review applied by the court in resolving each separate issue.

Appeal by petitioner from an order entered 7 January 1999 by Judge James U. Downs in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 January 2000.

*Lesesne & Connette, by Louis L. Lesesne, Jr. and Richard L. Hattendorf, for petitioner-appellant.*

*Dozier, Miller, Pollard & Murphy, by W. Joseph Dozier, Jr., for respondent-appellees.*

HUNTER, Judge.

Petitioner-appellant Shannon N. Jordan ("Jordan") appeals the superior court's order affirming the decision of respondent-appellee, Civil Service Board for the City of Charlotte's ("Board") decision dismissing him from his employment with the Charlotte-Mecklenburg Police Department ("Police Department"). Unable to determine what standard of review the trial court applied, we reverse and remand to that court for entry of a new order in accordance with this opinion.

In view of our disposition of this matter, we recite only a brief history of this case: On 8 April 1997, Jordan was discharged from his employment with the Police Department following an incident in which Jordan fired his gun at a moving automobile, striking and killing the passenger therein. On 2 August 1997, Jordan was cited by the Chief of Police D. E. Nowicki for alleged violations of Rule of Conduct #28(A) and General Order #2, which essentially cover when and how a police officer is authorized to use deadly force. Chief Nowicki suspended Jordan without pay and memoed the Board with the recommendation that his employment with the Police Department be terminated for those violations. Jordan's case was heard by the Board on 13-17 October 1997, and the Board concluded that Jordan had, in fact, violated both of the cited procedures. Thus, the Board terminated Jordan's employment with the Police Department, effective immediately.

Acting upon his appeal, the trial court affirmed the Board's decision to terminate Jordan, the body of its order reading in its entirety:

> This matter was heard before the undersigned Judge Presiding over the July 16, 1998, Session of Superior Court for Mecklenburg County on appellant's request for judicial review of a decision by the Civil Service Board for the City of Charlotte, North Carolina (Board), entered on December 3, 1997, dismissing appellant Shannon N. Jordan (Jordan) as an employee of the Charlotte-Mecklenburg Police Department (the department) for violating departmental rules and orders resulting in the death of Ms. Carolyn Sue Boetticher.

> The Court having considered the arguments and briefs of counsel and having reviewed the entire record herein, FINDS that the findings, conclusions, and decision of the Board are supported by competent, material, and substantial evidence in view of the entire record as submitted. The Court further finds that the parties have agreed that this ORDER may be signed out of Term, Session, County, and District.

> IT IS NOW, THEREFORE, ORDERED that the decision of the Board terminating Jordan's employment as an officer of the Charlotte-Mecklenburg Police Department is hereby AFFIRMED.

We begin by noting that in his brief to this Court, "Jordan does not challenge [any of] the Board's findings of fact." Thus, it is not at issue

whether the Board's findings of facts are supported by competent evidence. Instead, Jordan challenges the Board's legal conclusions based on its findings of fact.

Recent case law has clearly set out the standard of review by the trial court in these kinds of administrative board decisions:

> The proper *standard of review* under [N.C. Gen. Stat. § 150B-51(b)] depends upon the issues presented on appeal. If appellant argues the agency's decision was based on an error of law, then *"de novo"* review is required. If however, appellant questions (1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the "whole record" test.

*In Re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993) (citations omitted) (emphasis in original). Because " '[d]e novo' review requires a court to consider a question anew, as if not considered or decided by the agency" previously (*Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994)), the trial court must make its own findings of fact and conclusions of law and cannot defer to the agency its duty to do so. Contrarily, the "whole record" test requires the trial court ". . . 'to examine all competent evidence (the "whole record") in order to determine whether the agency decision is supported by "substantial evidence." ' " *Act-Up Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (quoting *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118). Then, once the trial court has entered its order, should one of the parties appeal to this Court,

> [o]ur task, in reviewing a superior court order entered after a review of a board decision is two-fold: (1) to determine whether the trial court exercised the proper scope of review, and (2) to review whether the trial court correctly applied this scope of review.

*Whiteco Outdoor Adver. v. Johnston County Bd. of Adjust.*, 132 N.C. App. 465, 468, 513 S.E.2d 70, 73 (1999).

In the case at bar, Jordan concedes the Board's findings of fact are correct. However, he assigns reversible error to its interpretation of law—that is, the rules and regulations allegedly violated. Thus, Jordan argues that interpretation does not support his dismissal. As stated earlier, in a case such as this in which the petitioner argues the Board's decision was based on an error of law, the trial court was

required to review that decision *de novo. Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118. Contrarily, with regard to Jordan's assignments of error that do not argue error of law, the trial court was required to apply the "whole record" test in its review. *In Re Appeal by McCrary*, 112 N.C. App. 161, 435 S.E.2d 359.

In order for this Court to properly conduct its review, the trial court must first have properly reviewed the case. From the language of the trial court's order before us, we are able to determine only that it employed the "whole record" test in reaching its decision. However, the issue the trial court must necessarily have addressed first was whether the Board correctly applied the law—an issue which could *only* be resolved by the trial court's application of the *"de novo"* standard of review. It was, therefore, inappropriate for the trial court to apply the "whole record" test in resolving that issue. Thus, we must remand this case to the trial court.

This Court recently held that

> while the court's order in effect set out [one of] the applicable standards of review, it failed to delineate [the proper standard for review of the issues at bar]. Moreover, while the court may have disagreed with the parties' characterization of the issues, it failed to specify its own "determin[ation of] the actual nature of the contended error" before proceeding with its review. *Amanini*, 114 N.C. App. at 675, 443 S.E.2d at 118.

*In Re Appeal of Willis*, 129 N.C. App. 499, 503, 500 S.E.2d 723, 726 (1998). Therefore, we agree with the *Willis* court that:

> As a result of these omissions, this Court is unable to make the requisite threshold determination that the trial court "exercised the appropriate scope of review," *[Amanini]* at 675, 443 S.E.2d at 118-19, and we decline to speculate in that regard. It follows that we likewise are unable to determine whether the court properly conducted its review. *See Act-Up*, 345 N.C. at 706, 483 S.E.2d at 392.

*Id.*

We, therefore, reverse the order of the trial court and remand this matter for a new order in accordance with our opinion herein. Specifically, the trial court must: (1) make its own characterization of the issues before it, and (2) clearly set out the standard(s) for its

review, delineating which standard it used to resolve each separate issue raised by the parties.

Reversed and remanded.

Judges JOHN and McGEE concur.