SONOPRESS, INC., Petitioner v. TOWN OF WEAVERVILLE, Respondent

No. COA99-56

(Filed 1 August 2000)

**1. Cities and Towns— annexation—standard of review—compliance or noncompliance**

The trial court's utilization of the improper "material prejudice" standard of review in considering a municipality's alleged violations of N.C.G.S. § 160A-35 in its attempt to annex certain real property constitutes error and requires that the order affirming the ordinance be vacated, because the proper standard for review of a municipality's fulfillment of N.C.G.S. §§ 160A-35 and 160A-36 is governed by assessment of compliance or noncompliance.

SONOPRESS, INC. v. TOWN OF WEAVERVILLE

[139 N.C. App. 378 (2000)]

**2. Cities and Towns— annexation—standard of review— material prejudice**

In an action involving a municipality's attempt to annex certain real property, the trial court properly applied the material prejudice standard of review in considering the procedural requirements of N.C.G.S. § 160A-37, including whether the notice of public hearing contained a "legible map of the area," N.C.G.S. § 160A-37(b)(2).

**3. Cities and Towns— annexation—standard of review—maps incorporated in report**

In an action involving a municipality's attempt to annex certain real property, the trial court erred by applying the material prejudice standard of review regarding maps incorporated into the service report because the trial court was required to determine whether the contents of the report, including maps and plans for provision of services, complied or failed to comply with N.C.G.S. § 160A-35.

**4. Cities and Towns— annexation—standard of review— statement showing area annexed meets requirements**

In an action involving a municipality's attempt to annex certain real property, the trial court erred by applying the material prejudice standard of review regarding whether the municipality complied with N.C.G.S. § 160A-35(2) requiring that the service report contain a statement showing that the area to be annexed meets the requirements of N.C.G.S. § 160A-36, because the proper standard of review is governed by assessment of compliance or noncompliance.

**5. Cities and Towns— annexation—standard of review—solid waste collection—financing of services**

In an action involving a municipality's attempt to annex certain real property, the trial court erred by applying the material prejudice standard of review regarding the questions of solid waste collection and the financing of services, because an alleged violation of N.C.G.S. § 160A-35 is reviewed in light of compliance or noncompliance.

**6. Cities and Towns— annexation—standard of review**

Since the trial court's utilization of the improper standard of review in considering a municipality's alleged violations of N.C.G.S. § 160A-35 in its attempt to annex certain real property

constitutes error and requires that the order affirming the ordinance be vacated, on remand the trial court shall consider petitioner's assertions of procedural violations of the municipality contravening N.C.G.S. § 160A-37, as well as the contentions that the municipality failed to comply with N.C.G.S. §§ 160A-35 and 160A-36.

Appeal by petitioner from order filed 5 October 1998 by Judge Dennis J. Winner in Buncombe County Superior Court. Heard in the Court of Appeals 20 October 1999.

*Robert E. Dungan, P.A., by James Michael Lloyd, for petitioner.*

*Roberts and Stevens, P.A., by Carl W. Loftin and Christopher Z. Campbell, for respondent.*

JOHN, Judge.

Petitioner Sonopress, Inc. (Sonopress), appeals the trial court's order affirming an annexation ordinance (the Ordinance) adopted 18 May 1998 by respondent Town of Weaverville (Weaverville). For reasons set forth herein, we vacate the order and remand this matter to the trial court.

In light of our disposition, a detailed recitation of the underlying facts is unnecessary. In brief, the Town Council of Weaverville adopted a "Resolution of Intent of Annexation" (the Resolution) on 16 March 1998. Certain real property, including that owned by Sonopress, was thereby proposed for annexation.

The Resolution scheduled a public hearing on the proposed annexation for 4 May 1998. A "Notice of Public Hearing" (the Notice) was mailed 3 April 1998 to individual property owners directly affected by the annexation, including Sonopress. The Notice provided that the "Standards of Service Report" (the Report) required by N.C.G.S. § 160A-35 (1997) would be available at the Town Clerk's office thirty (30) days prior to the 4 May 1998 hearing. In addition, the Town Clerk certified that a legible map of the area to be annexed would likewise be available.

Following the hearing, Weaverville amended the Report on 18 May 1998 to include a municipality map reflecting the present town boundaries and those resultant from the proposed annexation. The Town Council thereafter adopted the Ordinance, setting 30 June 1999 as the effective date. On 16 June 1998 and pursuant to N.C.G.S.

§ 160A-38 (1997), Sonopress filed a "Petition for Review and Appeal of May 18, 1998 Annexation Ordinance" in Buncombe County Superior Court. Following a 1 October 1998 review, the trial court filed a 5 October 1998 order (the Order) affirming the Ordinance. Sonopress appeals.

[1] On appeal, Sonopress contends, *inter alia*, that Weaverville violated certain procedural requirements of N.C.G.S. § 160A-37 (1997), and failed to comply with G.S. § 160A-35 and N.C.G.S. § 160A-36 (1997). We conclude the trial court's utilization of an improper standard of review in considering Weaverville's alleged violations of G.S. § 160A-35 requires that the Order be vacated.

G.S. § 160A-37 provides that a notice of public hearing shall *inter alia*:

(1) Fix the date, hour and place of the public hearing. (2) Describe clearly the boundaries of the area under consideration, and include a legible map of the area. . . .

G.S. § 160A-37(b)(1)&(2).

Under G.S. § 160A-35, a municipality is required to prepare plans for extension of services to the area proposed to be annexed as well as a service report reflecting such plans. G.S. § 160A-35. The report must include:

(1) A map . . . of the municipality and adjacent territory to show . . . [t]he present and proposed boundaries of the municipality. . . .

(2) A statement showing that the area to be annexed meets the requirements of G.S. § 160A-36.

(3) A statement setting forth the plans of the municipality for extending to the area to be annexed each major municipal service performed within the municipality at the time of annexation. Specifically, such plans shall:

a. Provide for extending police protection, fire protection, solid waste collection and street maintenance services to the area to be annexed on the date of annexation on substantially the same basis and in the same manner as such services are provided within the rest of the municipality prior to annexation. . . . A contract with a private firm to provide solid waste collection services

shall be an acceptable method of providing solid waste collection services.

. . . .

. c. Set forth the method under which the municipality plans to finance extension of services into the area to be annexed.

G.S. § 160A-35(1),(2)&(3).

Upon a petition challenging an ordinance, the trial court is to consider whether:

(1) . . . the statutory procedure was not followed or

(2) . . . the provisions of G.S. 160A-35 were not met, or

(3) . . . the provisions of G.S. 160A-36 have not been met.

G.S. § 160A-38(f).

Should the court determine that "*procedural* irregularities . . . materially prejudiced the substantive rights of any . . . petitioner[]," G.S. § 160A-38(g)(1) (emphasis added), the statute mandates "remand[ing] the ordinance to the municipal governing board for further proceedings," *id.* Additionally, the court must:

(2) Remand the ordinance to the municipal governing board for amendment of the boundaries to conform to the provisions of G.S. § 160A-36 if it finds that [such] provisions . . . have not been met [and/or,]

(3) Remand the report to the municipal governing board for amendment of the plans for providing services to the end that the provisions of G.S. § 160A-35 are satisfied.

G.S. § 160A-38(g)(2)&(3).

In the case *sub judice*, we note at the outset that the Order reflects the trial court utilized a "material[] prejudice" standard of review in considering Weaverville's alleged violations of G.S. § 160A-35. As noted above, G.S. § 160A-38(f)&(g) expressly provides that the standard of review for *procedural* irregularities in violation of G.S. § 160A-37, "Procedure for Annexation," including contents of the Notice, *see* G.S. § 160A-37(b), is whether such irregularities "materially prejudiced the substantive rights of any . . . petitioner[]." G.S. § 160A-38(g)(1).

However, review of a municipality's fulfillment of the requirements of G.S. § 160A-35 and G.S. § 160A-36 is governed, on the other hand, by assessment of compliance or noncompliance. *See Weeks v. Town of Coats*, 121 N.C. App. 471, 474, 466 S.E.2d 83, 85 (1996) (petitioners must show either failure on part of municipality to comply with statutory requirements, *or* that procedural irregularities occurred which materially prejudiced rights of petitioners), G.S. § 160A-38(f) (reviewing court to determine whether "statutory procedure was . . . followed" *or* that provisions of G.S. § 160A-35 or § 160A-36 "have not been met"), and G.S. § 160A-38(g)(1),(2)&(3) (reviewing court may order ordinance remanded to municipality governing board (1) if procedural irregularities "materially prejudiced" substantive rights of petitioners *or* (2) for amendment of plans for providing services in satisfaction of G.S. § 160A-35 or amendment of boundaries in satisfaction of G.S. § 160A-36).

Pointedly absent from G.S. § 160A-38(g)(2) is any reference to remand for non-compliance with either G.S. § 160A-35 or § 160A-36 being conditioned upon a determination of "material prejudice." When a statute "dealing with a specific matter is clear and understandable on its face, it requires no construction," *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969) (citation omitted), and courts "must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein," *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (citation omitted); *see id.* at 151, 209 S.E.2d at 756 ("[w]here a statute is intelligible without any additional words, no additional words may be supplied"); *see also Peele v. Finch*, 284 N.C. 375, 382, 200 S.E.2d 635, 640 (1973) (citation omitted) (court's duty is to apply valid statute as written). Had the General Assembly intended a "material prejudice" determination to be imposed upon the court's finding of non-compliance with G.S. § 160A-35 or § 160A-36, "it would have been a simple matter [for it] to [have] include[d] th[at] explicit phrase," *In re Appeal of Bass Income Fund*, 115 N.C. App. 703, 706, 446 S.E.2d 594, 596 (1994), within G.S. § 160A-38(g)(2); *see McAninch v. Buncombe County Schools*, 347 N.C. 126, 133, 489 S.E.2d 375, 380 (1997) (after having "specifically declared" method of lost income calculation applicable to "the usual situation[]," General Assembly would have been "equally specific" if it intended a different method in "the exceptional cases"). In short, application of the material prejudice standard of review to Weaverville's alleged violations of G.S. § 160A-35 constituted error by the trial court.

Sonopress complained the Report failed to comply with G.S. § 160A-35 in several respects, including the absence of:

(1) adequate maps of the current and proposed boundaries of the municipality; (2) a statement that the area to be annexed meets the requirements of N.C. Gen. Stat. § 160A-36; and, (3) a statement setting forth the municipality's plan for the extension of services to the area being annexed and how the municipality intends to finance the extension of services.

[2] Sonopress raised the issue of the illegibility of maps both with reference to the Notice and to the Report. The trial court resolved *both* complaints by concluding Sonopress "was not prejudiced in any way by the maps being illegible." Concerning the procedural requirements of G.S. § 160A-37, including that the Notice contain a "legible map of the area," G.S. § 160A-37(b)(2), to be annexed, the court properly applied a "material prejudice" standard of review. *See* G.S. § 160A-38(g)(1).

[3] Regarding maps incorporated into the Report, however, the trial court was required to determine whether the contents of the Report, including maps and plans for provision of services, complied or failed to comply, *see* G.S. § 160A-38(f)(2), with G.S. § 160A-35. The trial court erred in applying the material prejudice standard of review to the adequacy of maps contained in the Report.

[4] In addition, Sonopress raised the question of whether Weaverville complied with G.S. § 160A-35(2) requiring that the Report contain "[a] statement showing that the area to be annexed meets the requirements of G.S. 160A-36," dealing with the "character" of areas to be annexed. The court concluded that "since said property was eligible to be annexed, Petitioner cannot be prejudiced by this." Again, the trial court improperly applied a material prejudice standard of review as opposed to determining whether or not Weaverville had complied with G.S. § 160A-35(2).

[5] Sonopress further argued that the Report failed to comply with G.S. § 160A-35(3) regarding provisions for extension of services and the financing thereof. Sonopress asserted deficiencies in the Report addressing the proposed provision of police services, solid waste collection, and road maintenance service, as well as the financing of extension of services.

Careful reading of the trial court's order reveals no mention of proposed police service or road maintenance, although the court ulti-

mately concluded "[Sonopress] was not prejudiced by any . . . omissions found in the notice or report." Concerning solid waste collection, the trial court found that the Report inaccurately stated Weaverville "provides no solid waste collection to private industry (such as Petitioner)", but concluded Sonopress had "not been prejudiced by this incorrect statement in the [R]eport." As to the financing of extension of services, the trial court found as fact that the Report contained

> no specific statement on how each service would be financed, [but that] . . . the [Report] as a whole shows that there are sufficient funds to finance the extension of services from the anticipated revenues resulting from the annexation.

The court thereupon concluded Sonopress had "not [been] prejudiced" by failure of the Report to specify a method of payment for extension of services into the annexed area.

Once again, an alleged violation of G.S. § 160A-35 may not be reviewed on the basis of whether the purported error resulted in material prejudice, but rather in the light of compliance or lack thereof with the statutory requirements of G.S. § 160A-35. *See* G.S. § 160A-38(g)(3). At a minimum, therefore, the trial court again improperly applied a material prejudice standard of review to the questions of solid waste collection and the financing of services.

[6] Having held that the trial court applied an improper standard of review to several matters raised by Sonopress, we next consider the latter's remedy on appeal. In another context, we recently noted that "[i]n order for this Court to properly conduct its review, the trial court must first have properly reviewed the case." *Jordan v. Civil Service Board for the City of Charlotte*, 137 N.C. App., 575, 578, 528 S.E.2d 927, 930 (2000). We have also held that

> while the court's order in effect set out the applicable standards of review, it failed to delineate [the proper standard for review of the issues at bar].

*In re Appeal of Willis*, 129 N.C. App. 499, 503, 500 S.E.2d 723, 726 (1998).

In the case *sub judice*, the Order "in effect set out [one of] the applicable standards of review," *id.*, *i.e.*, material prejudice as applied to procedural irregularities under G.S. § 160A-37. However, the Order

"failed to delineate," *id.*, the proper issues to which that standard applied, and indeed misapplied the standard in reference to alleged violations of G.S. § 160A-35. The trial court thus having failed to review the case properly, we are unable to conduct our review, *see Jordan*, 137 N.C. App. at 578, 528 S.E.2d at 930. As a consequence, the Order must be vacated and this matter remanded to the trial court for entry of "a new order in accordance with our opinion herein." *Willis*, 129 N.C. App. at 503, 500 S.E.2d at 727.

On remand, the trial court shall consider the assertions of *Sonopress* of procedural violations by Weaverville contravening G.S. § 160A-37 as well as the contentions that Weaverville failed to comply with G.S. § 160A-35 and § 160A-36. In the former instance, should the court determine procedural irregularities occurred, it shall resolve whether such "irregularities . . . materially prejudiced the substantive rights," G.S. § 160A-38(g)(1), of Sonopress. In such event, the ordinance is to be remanded to the Weaverville Town Council "for further proceedings," *id.* If the court determines the provisions of G.S. § 160A-35 or § 160A-36 have not been met, G.S. § 160A-38(f)(2)&(3), it shall remand the ordinance to the Weaverville Town Council for appropriate amendment, *see* G.S. § 160A-38(g)(2)&(3). Finally, should the trial court reject assertions by Sonopress that requirements of either G.S. § 160A-35 or G.S. § 160A-36, or both, have "not [been] met," G.S. §§ 160A-35 & 36, and determine either that no procedural violations of G.S. § 160A-37 took place or that those which may have occurred did not "materially prejudice" substantive rights of Sonopress, the court shall affirm adoption of the Ordinance by the Weaverville Town Council.

Vacated and remanded.

Judges LEWIS and McGEE concur.