HOME BUILDERS ASS'N OF FAYETTEVILLE N.C., INC. v. CITY OF FAYETTEVILLE

[170 N.C. App. 625 (2005)]

HOME BUILDERS ASSOCIATION OF FAYETTEVILLE NORTH CAROLINA INC., JAMES EDWARD GRAVES, JIM GRAVES & ASSOCIATES, INC., JOHN McNATT GILLIS, GILLIS DEVELOPMENT CORPORATION, INC., ET AL., PETITIONER APPELLANTS v. CITY OF FAYETTEVILLE, RESPONDENT APPELLEE

No. COA04-1108

(Filed 7 June 2005)

**1. Cities and Towns— annexation—untimely challenge—settlement with other petitioners—no effect**

Petitioners' challenge to an annexation was time-barred because they did not file within the statutory 60-day period. A settlement between another group which did timely file and the City has no effect on petitioners, and respondent's motion to dismiss was correctly granted. The annexation statutes do not call for the treatment of a settlement as a new ordinance, as petitioner contends, which would allow a new 60-day period for review.

**2. Cities and Towns— annexation—settlement—motion to intervene**

There was no abuse of discretion in the denial of petitioner's motion to intervene in an annexation settlement by another group where petitioners did not timely file their challenge and the other group had timely filed. Intervention under Rule 24 of the Rules of Civil Procedure is not utilized when a differing procedure is prescribed by statute, as here; even so, there were none of the unusual circumstances required for post-judgment intervention.

Appeal by petitioners from orders entered 29 June 2004 by Judge Gary L. Locklear in Cumberland County Superior Court. Heard in the Court of Appeals 13 April 2005.

*Garris Neil Yarborough, for petitioner appellants.*

*Parker, Poe, Adams, & Bernstein, by Anthony Fox and Brenton W. McConkey; and City Attorney Karen M. McDonald, for respondent appellee.*

*General Counsel Andrew L. Romanet, Jr., and Senior Assistant General Counsel Gregory F. Schwitzgebel, III, for Amicus Curiae North Carolina League of Municipalities.*

McCULLOUGH, Judge.

Petitioners appeal from an order granting respondent's motion to dismiss and an order denying petitioners' motion to intervene. On 24 November 2003, the City of Fayetteville adopted an annexation ordinance that was to become effective on 30 June 2004. In North Carolina, an owner of annexed property may seek judicial review of an annexation if he or she petitions "[w]ithin 60 days following the passage of [the] annexation ordinance[.]" N.C. Gen. Stat. § 160A-50(a) (2003).

A group of Cumberland County residents, the Gates Four community, filed the only timely petition for review in Cumberland County Superior Court. Ultimately, the City and the Gates Four community reached a settlement which excluded Gates Four from the area to be annexed. On 12 May 2004, the superior court entered a consent judgment approving that settlement. The consent judgment was entered pursuant to N.C. Gen. Stat. § 160A-50(m) (2003) which gives courts discretion to resolve annexation challenges by approving "any settlement reached by all parties."

Petitioners were not part of the Gates Four petition and did not seek review of the annexation within the 60-day period. Instead, petitioners filed this challenge on 23 June 2004. This was five months after the 60-day period had ended.

Petitioners offered two different theories to the trial court. First, they claimed that the Gates Four Settlement revived their time to seek review. Second, they made a motion to intervene. The trial court rejected these arguments, granted respondent's motion to dismiss, and denied petitioners' motion to intervene. Petitioners appeal.

On appeal, petitioners argue that the trial court erred by granting respondent's motion to dismiss and denying petitioners' motion to intervene. We disagree and affirm the orders of the trial court.

I. Motion to Dismiss

[1] Petitioners argue that the trial court erred in granting respondent's motion to dismiss. We disagree.

In North Carolina, an owner of annexed property can seek judicial review if the owner files a petition "[w]ithin 60 days following the passage of an annexation ordinance[.]" N.C. Gen. Stat. § 160A-50(a). It is undisputed that petitioners failed to seek judicial review within 60 days after the passage of the annexation ordinance. In fact, they

made their challenge five months after the 60-day period ended. Therefore, their action is time-barred.

In an attempt to avoid this result, petitioners present two theories. First, they argue that the settlement required remand back to the City Council for adoption of an amended annexation ordinance. Second, they claim that the settlement created a "new" ordinance and a new 60-day period for challenges. Neither of these arguments is persuasive.

Although annexations are admittedly complex, the provisions dealing with time limitations and settlements are fairly straightforward. As we have indicated, the owner of annexed property has 60 days to seek judicial review of an annexation ordinance. N.C. Gen. Stat. § 160A-50(a). Similarly, the section dealing with settlements indicates that

[a]ny settlement reached by all parties in an appeal under this section may be presented to the superior court in the county in which the municipality is located. If the superior court, in its discretion, approves the settlement, it shall be binding on all parties without the need for approval by the General Assembly.

N.C. Gen. Stat. § 160A-50(m).

It is noteworthy that neither subsection (a) nor subsection (m) calls for a remand to city council or the treatment of a settlement as a "new" ordinance which would allow a new 60-day period for judicial review. In another annexation case, this Court explained that courts must give a statute " 'its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein[.]' " *Sonopress, Inc. v. Town of Weaverville*, 139 N.C. App. 378, 383, 533 S.E.2d 537, 539 (2000) (citation omitted). Further, courts should not infer additional language when " 'it would have been a simple matter [for the General Assembly] to [have] include[d] th[at] explicit phrase[.]' " *Id.* at 383, 533 S.E.2d at 540 (citation omitted). Because the sections dealing with time limits and settlements have no language permitting a remand or a new 60-day period to seek judicial review, we are not at liberty to create such a remedy.

Our courts presume that the legislature acted rationally and " 'did not intend an unjust or absurd result.' " *Best v. Wayne Mem'l Hosp., Inc.*, 147 N.C. App. 628, 635, 556 S.E.2d 629, 634 (2001) (citation omitted), *appeal dismissed, disc. review denied*, 356 N.C. 433, 572 S.E.2d

426 (2002). In fact, there are sound public policy reasons for maintaining a clear, unqualified 60-day period for challenges. The strict time limitation promotes certainty and allows cities to extend services to newly annexed areas. Adopting petitioners' position would destroy the certainty of the 60-day period and allow those who did not file timely petitions (petitioners in this case) to unfairly benefit from those who did timely file and settle their dispute (the Gates Four community).

We are aware that a remand to the municipal governing board is a possible remedy *when the court conducts judicial review.* Subsection (f) describes the procedure for judicial review of annexation proceedings. N.C. Gen. Stat. § 160A-50(f). In that review, the court is to consider whether the annexation has complied with the overall statutory procedure. *Id.* This includes, for example, whether the character of the area to be annexed meets statutory requirements. *Id.* After conducting that review, the court has the option of affirming the ordinance, declaring the ordinance null and void, or remanding the action to the municipal governing board. N.C. Gen. Stat. § 160A-50(g)(1)-(4).

Although a remand is permitted under subsection (g), the key provisions in the present case (those dealing with time limitations and settlements) do not provide the option of a remand. This is revealing because it shows that when the General Assembly intends a remand to occur, it says so expressly. Once again, we will not read into or superimpose language which is not contained in the statute.

Finally, we are not persuaded by petitioners' suggestion that a remand is required under N.C. Gen. Stat. § 160A-75 (2003). This section, which is not a provision dealing with annexation, addresses voting by members of a city council and the mayor:

> An affirmative vote equal to a majority of all the members of the council not excused from voting on the question in issue, including the mayor's vote in case of an equal division, shall be required to adopt an ordinance[] [or] *take any action having the effect of an ordinance*[.]

*Id.* (emphasis added). Using this general language, petitioners contend that the settlement had "the effect of an ordinance" and therefore required a remand to city council. We disagree.

Settlements cannot be classified as "actions having the effect of an ordinance" because the city council and the mayor are not

involved in settlements in any way. Rather, settlements are carried out by cities and opposing parties who have a dispute involving the annexation. Since settlements are a method of dispute resolution in the annexation process, rather than governmental actions having the effect of an ordinance, there is no need to send the matter back to city council after a settlement is reached.

We recognize that every settlement changes the area to be annexed to some degree. In this case, the settlement between the City and Gates Four removed Gates Four from the area to be annexed. However, there are provisions in the *annexation statute* that show that the City is not required to start over simply because the area to be annexed has changed. Subsection (e) states:

At any time before or during the review proceeding, any petitioner or petitioners may apply to the reviewing court for an order staying the operation of the annexation ordinance pending the outcome of the review. The court may grant or deny the stay in its discretion upon such terms as it deems proper, and *it may permit annexation of any part of the area described in the ordinance concerning which no question for review has been raised.*

N.C. Gen. Stat. § 160A-50(e) (emphasis added). Similarly, subsection (h) reveals that

[t]he superior court may, with the agreement of the municipality, permit annexation to be effective with respect to any part of the area concerning which no appeal is being made and which can be incorporated into the city without regard to any part of the area concerning which an appeal is being made.

N.C. Gen. Stat. § 160A-50(h). These statutory provisions reveal that a remand is not required because it would amount to an unnecessary procedural delay. *See In re Durham Annexation Ordinance*, 66 N.C. App. 472, 489-90, 311 S.E.2d 898, 908 (1984) (explaining that in drafting N.C. Gen. Stat. § 160A-50, "the clear intent of the legislature was to provide an expedited judicial review, limited in scope, and avoiding unnecessary procedural delays").

Before moving to the next section, we wish to clarify our holding. Because petitioners failed to seek judicial review within the 60-day time period, their action was time-barred. Petitioners have sought to find a way around that deadline. However, a settlement between the city and another party that did timely file has no effect on the 60-day

rule. The statutes do not require a remand to city council or allow petitioners a new 60-day period. Therefore, we overrule this assignment of error.

## II. Motion to Intervene

**[2]** Petitioners argue that the trial court erred by denying their motion to intervene. We considered this exact issue in *Gates Four Homeowners Assoc. v. City of Fayetteville*, 170 N.C. App. 688, 613 S.E.2d 55 (2005), and will apply the same analysis in the present case.

Petitioners argue that they should have been allowed to intervene under Rule 24(a) of the North Carolina Rules of Civil Procedure. Although the North Carolina Rules of Civil Procedure generally do apply to civil proceedings, they are not utilized "when a differing procedure is prescribed by statute." N.C. Gen. Stat. § 1A-1, Rule 1 (2003). N.C. Gen. Stat. § 160A-50 describes the procedure for annexations, including time limitations. Under subsection (a), a property owner must petition for judicial review within 60 days following the adoption of the annexation ordinance. N.C. Gen. Stat. § 160A-50(a).

In the present case, petitioners did not comply with the procedure set forth in the annexation provisions because they moved to intervene five months after the 60-day period had ended. Because Rule 24 intervention would have violated the statutory procedure of N.C. Gen. Stat. § 160A-50, intervention was not available.

Even if Rule 24 had applied, petitioners cannot show that the trial court abused its discretion in denying the motion to intervene. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(a) (2003), anyone can intervene if the individual timely files a petition

(1) When a statute confers an unconditional right to intervene; or

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The determination of the timeliness of the motion under this rule is left to the sound discretion of the trial court. *Taylor v. Abernethy*, 149 N.C. App. 263, 268, 560 S.E.2d 233, 236 (2002), *disc. review denied*, 356 N.C. 695, 579 S.E.2d 102 (2003). Such rulings are given great deference and will only be overturned upon a showing that the

ruling " 'was so arbitrary that it could not have been the result of a reasoned decision.' " *Id.* (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

When considering the issue of timeliness, North Carolina Courts consider five factors:

"(1) the status of the case, (2) the possibility of unfairness or prejudice to the existing parties, (3) the reason for the delay in moving for intervention, (4) the resulting prejudice to the applicant if the motion is denied, and (5) any unusual circumstances."

*State ex rel. Easley v. Philip Morris, Inc.*, 144 N.C. App. 329, 332, 548 S.E.2d 781, 783 (citation omitted), *disc. review denied*, 354 N.C. 228, 554 S.E.2d 831 (2001). While post-judgment intervention is not impossible, the law disfavors it. *Id.* It will only be allowed if there are extraordinary and unusual circumstances. *Id.*

After evaluating all five factors, we must conclude that the trial court did not abuse its discretion in denying the motion to intervene.

With regard to the first factor, status of the case, petitioners sought to intervene after the May 12 judgment had been entered. As we have mentioned, post-judgment intervention is disfavored. Likewise, under the second factor dealing with prejudice to the existing parties, intervention would prejudice the City and the Gates Four community by destroying their settlement.

The final three factors do not support petitioners' position. Petitioners have not offered a legitimate reason for the delay, and their "reliance" on the Gates Four community is meritless because there was no agreement, promise, or representation that Gates Four would protect their interests. Although denying the motion to intervene would harm petitioners, their action has caused this result. Finally, there are no unusual circumstances which lead us to conclude that the trial court abused its discretion in denying the motion to intervene.

After careful consideration of the record, briefs, and arguments of the parties, we conclude that the trial court acted properly in granting respondent's motion to dismiss and denying petitioners' motion to intervene. The orders are

Affirmed.

Judges HUNTER and Judge LEVINSON concur.