DOWELL GRAY, Petitioner v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, Respondent, DOWELL GRAY, Petitioner v. ONSLOW COUNTY DEPARTMENT OF HEALTH, Respondent

No. COA01-22

(Filed 19 March 2002)

## 1. Administrative Law— judicial review of agency decision—timeliness of petition—subject matter jurisdiction

The trial court did not err by concluding that petitioner timely filed his petition for a contested case hearing in the Office of Administrative Hearings (OAH) regarding petitioner's reinstatement to his authority to issue permits for septic systems and by concluding that the trial court had subject matter jurisdiction over the case, because: (1) both parties participated in prehearing motions and discovery, OAH scheduled a hearing which was held in August 1997, and respondent raised no issue about timeliness of the petition until 15 October 1997; (2) although respondent complied with N.C.G.S. § 150B-23(f) by notifying petitioner, respondent also supplied the incorrect address of OAH which meant the thirty day filing period was not triggered; and (3) although a faxed petition was not followed by an original copy within five days as required by 26 N.C. Admin. Code tit. 26, r. 3.0101(3), respondent waived this objection based on its failure to object to this omission and its active participation in the prehearing procedures and hearing.

## 2. Administrative Law— judicial review of agency decision—standard of review

The trial court's order reviewing an agency decision terminating petitioner from his position of issuing permits for septic systems is reversed and remanded so that the trial court may provide its own characterization of the issues presented by petitioner and for the trial court to clearly and separately detail the standards of review used to resolve each distinct issue raised.

Appeal by respondents from judgment entered 16 July 2000 by Judge Ronald L. Stephens in Wake County Superior Court. Heard in the Court of Appeals 7 November 2001.

*Jeffrey S. Miller, for petitioner-appellee.*

*Attorney General Roy A. Cooper, by Assistant Attorney General Judith Tillman, for respondent-appellant North Carolina*

*Department of Environment and Natural Resources, formerly North Carolina Department of Environment, Health and Natural Resources.*

*Womble, Carlyle, Sandridge & Rice, by Mark A. Davis, for respondent-appellant Onslow County Department of Health.*

HUDSON, Judge.

Respondents appeal an order of the Superior Court which reviewed consolidated final agency decisions of the State Health Director ("SHD") and the State Personnel Commission ("SPC"). The Superior Court order required respondent-appellant North Carolina Department of Environment and Natural Resources ("DENR") to reinstate to petitioner his authority to issue permits, ordered Onslow County Department of Health ("OCDH") to pay petitioner lost wages, and ordered DENR and OCDH to each pay equal shares of petitioner's attorney's fees and court costs. For the reasons stated herein, we reverse the trial court's order and remand.

We begin with a brief summary of the facts. Petitioner-appellee worked as an Environmental Health Specialist for OCDH from 9 September 1983 until 10 February 1997. Among other duties, he inspected sites for proposed septic systems and issued permits for the installation of these systems when they met applicable standards. For this position, the agency required petitioner to maintain a "valid authorization card" issued by DENR. *See* Respondent OCDH's Attachment III, Position Description Form (PD-102R-8), State of North Carolina, Office of State Personnel, pA-43. As the parent agency for county health departments in the state, DENR regulated the administration of OCDH, pursuant to N.C. Gen. Stat. § 130A-4(b) (1999). In May 1996, DENR sent Regional Soil Specialist, John Williams, to Onslow County to conduct a quality assurance review. During that visit, Williams learned that petitioner had improperly issued a permit for a septic system in Onslow County, and notified the County that it should revoke the permit. Concerned about petitioner's ability to work independently, Williams returned to Onslow County for three days in June 1996 to work with petitioner and evaluate his job performance. Williams formally recommended on 8 June 1996 that DENR place petitioner on probation, but action was delayed by the two hurricanes that came through North Carolina later that summer. DENR placed petitioner on probation by letter dated 22 October 1996, and DENR sent Williams back to Onslow County to further evaluate petitioner. Based on this evaluation, which included field work

as well as a written test, DENR wrote to OCDH on 31 December 1996 and again on 10 January 1997, stating that it was revoking petitioner's authority to issue permits for septic systems, effective thirty days from the date of the letter. Relying on the second letter from DENR, OCDH Health Director Danny Jacob wrote petitioner on 15 January 1997 informing him that his employment would be terminated effective 5:00 p.m. on 10 February 1997.

The following is a summary of the procedural path that ensued. Petitioner filed two petitions for contested case hearings: the first challenged DENR's revocation of his authority to issue permits, and the second challenged OCDH's decision to terminate his employment.

On 8 May 1997, an Administrative Law Judge ("ALJ") ordered petitioner's cases against DENR and OCDH consolidated for a hearing, which was held on 26 August 1997. In a recommended decision filed 24 November 1997, the ALJ found facts and concluded as law that: (1) petitioner's "delegation of authority" to issue permits is a "license" within N.C. Gen. Stat. § 150B-2(3) (1999); (2) DENR erred when it failed to give proper notice to petitioner *before* the commencement of proceedings to revoke or suspend the license, *see* N.C. Gen. Stat. 150B-23(f) (1999) (requiring the time limitation to "commence when notice is given of the agency decision"); (3) OCDH did not have "just cause" to dismiss petitioner, a career state employee; and (4) OCDH erred in relying on DENR's improper revocation of petitioner's license to terminate petitioner. The ALJ recommended that petitioner's delegation of authority and employment be reinstated, and that DENR and OCDH each pay an equal share of petitioner's attorney's fees and court costs. Both DENR and OCDH noted exceptions to the recommended decision of the ALJ, and both submitted alternative proposed findings and conclusions to the SHD and to the SPC, respectively.

The SHD declined to adopt the ALJ's recommended decision, but instead adopted verbatim DENR's alternative proposals. In pertinent part, SHD's Order: (1) held that petitioner's right to inspect and issue permits for septic systems was not a license, so that the provisions of N.C.G.S. § 150B-3 did not apply, and (2) affirmed the revocation of the delegation of authority by DENR.

The SPC calendared the OCDH case for its meeting 2 April 1998 and considered the ALJ's recommended decision, as well as the whole record, including the proposals and exceptions filed by OCDH. The SPC recommended that Onslow County Board of Health, as local

appointing authority, find and conclude that OCDH had "just cause to dismiss the Petitioner from his employment with the Respondent [OCDH]." In its Final Decision, the local Board accepted the recommendations of the SPC.

The SHD issued its Final Decision 1 June 1998, and the SPC issued its Final Decision on 21 July 1998. Petitioner sought Judicial Review of both decisions in Superior Court and the two were consolidated for review by Order of Judge Robert F. Floyd on 8 December 1998. From that date to the present, the two matters have been litigated together.

In his petition to the Superior Court for review of the decision of the SHD, petitioner-appellee contended, as to DENR, that: (1) the SHD erroneously determined that petitioner's delegation of authority was not a license within N.C.G.S. § 150B-2(3), (2) DENR's decision to revoke petitioner's license was "arbitrary, capricious, and is not supported by competent and substantial evidence in the record," (3) DENR's actions affected petitioner's employment, (4) DENR'S actions violated petitioner's due process rights, and (5) the ALJ's "decision is supported by competent evidence which supports the sufficient findings of fact and is correct as a matter of law."

In his petition for review of the final decision of the Onslow County Board of Health, petitioner-appellee contended, as to OCDH, that: (1) OCDH wrongfully relied on DENR's revocation of petitioner's delegation of authority, (2) OCDH erroneously determined that it had just cause to terminate him, (3) OCDH failed to follow proper procedures for terminating him, (4) OCDH violated his rights to due process, and (5) the decision of the ALJ was correct and "supported by competent and substantial evidence and sufficient findings of fact, and is correct as a matter of law." The Superior Court affirmed the ALJ's decision, awarding petitioner attorney's fees and court costs from both respondents, as well as lost wages from OCDH. The trial court also ordered DENR to reinstate petitioner's delegation of authority.

Both respondents appealed to this Court, raising separate assignments of error, and filing separate briefs. We need only address DENR's first assignment of error, which challenges the jurisdiction of the Superior Court. Having determined that the court did have jurisdiction over these matters, we remand to that court because of our inability to review the order, as explained below.

**[1]** In its first assignment of error and its Motion to Dismiss, DENR contends that petitioner did not timely file his petition for a contested case hearing in the Office of Administrative Hearings ("OAH"), and that neither the Superior Court nor this Court has subject matter jurisdiction over the case. While we agree that timely filing of a petition is necessary to confer subject matter jurisdiction on the agencies as well as the courts, we believe this petition was timely filed. *See Nailing v. UNC-CH*, 117 N.C. App. 318, 451 S.E.2d 351 (1994) (holding that the OAH did not have subject matter jurisdiction over petitioner's case if she did not timely file her petition), *disc. rev. denied*, 339 N.C. 614, 454 S.E.2d 255 (1995); *Gummels v. N.C. Dept. of Human Resources*, 98 N.C. App. 675, 677, 392 S.E.2d 113, 114 (1990) (holding that a petition for a contested case hearing must be filed within thirty days and this leaves "no room for judicial construction").

DENR notified petitioner by letter dated 10 January 1997 that it was revoking his delegation of authority, effective thirty days from the date of the letter.[1] The letter also informed petitioner that he had the right to appeal that decision within thirty days of the date of the letter by filing a petition for a contested case hearing "with the Office of Administrative Hearings pursuant to North Carolina General Statutes 130A-24. The address for the Office of Administrative Hearings is P.O. Drawer *17447*, Raleigh, N.C. 27611-7447." The correct address for the OAH is P.O. Drawer *27447*. It is undisputed that the address in the letter was incorrect and we see nothing in the record to indicate that DENR sent a corrected letter to petitioner.

Petitioner alleges in his brief that he sent his petition for a contested case hearing to OAH on or about 5 February 1997, and that it did not come back to him in the mail. On or about the same date, petitioner mailed a copy of his petition to DENR. The return receipt, attached to his response to the Motion to Dismiss, shows that it was picked up 7 February 1997 by one Nelson Avery for DENR. It is also undisputed that someone from DENR faxed the copy to OAH, which received the petition 20 February 1997. Subsequently, both parties participated in pre-hearing motions and discovery. OAH scheduled a hearing, which was held in August 1997. DENR raised no issue about timeliness of the petition until 15 October 1997.

---

1. DENR sent an identical letter dated 31 December 1996, but since the 10 January 1997 letter is the one OCDH relied on, it is the only one relevant to this discussion.

The terms of N.C.G.S. § 150B-23(f) require, in pertinent part, the following: "[t]he notice shall be in writing, and shall set forth the agency action, and shall inform the persons of the right, the procedure, and the time limit to file a contested case petition." Pursuant to the same section, "[u]nless another statute or a federal statute or regulation sets a time limitation for the filing of a petition in contested cases against a specified agency, the general limitation for the filing of a petition in a contested case is 60 days." N.C.G.S. § 150B-23(f). N.C. Gen. Stat. § 130A-24(a1) (1999) requires that a petition appealing an action taken by an agency "shall be filed not later than 30 days after notice of the action." DENR complied with N.C.G.S. § 150B-23(f) in notifying petitioner, but also supplied the incorrect address of OAH. While we need not decide whether DENR must provide the address for OAH, we believe that if it does supply an address, it must do so accurately in order to trigger the running of the thirty day filing period. *See* N.C. Gen. Stat. §§ 130A-23, 130A-24(a1), 150B-23 (1999).

In addition, 26 N.C. Admin. Code tit. 26, r. 3.0101(3) (Feb. 2000) requires that a faxed petition be followed by an original copy within five days. This did not occur, apparently because petitioner believed he had already filed an original copy of his petition with OAH. Since DENR never corrected its notice letter to petitioner, the petition that was filed by facsimile, and admittedly received by the OAH on 20 February 1997, must be considered timely. Although petitioner did not file a subsequent original petition until after the motion to dismiss, we believe that by failing to object to this omission, and by actively participating in the pre-hearing procedures and hearing, respondents have waived this objection. *See e.g.*, *Alford v. Shaw*, 327 N.C. 526, 398 S.E.2d 445 (1990); *Clement v. Clement*, 230 N.C. 636, 55 S.E.2d 459 (1949) (noting that procedural rights may be waived by failing to raise the issue over a period of time). Accordingly, the tribunals involved here correctly exercised subject matter jurisdiction over this case. Respondent-DENR's first assignment of error is overruled, and its Motion to Dismiss this appeal is denied.

**[2]** Next, we address our inability to review the Superior Court's Order. On review, we are required to "examine[] the trial court's order for error[s] of law" by "(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 675, 443 S.E.2d 114, 118-19 (1994); *see also ACT-UP Triangle v. Commission for Health*

*Services*, 345 N.C. 699, 483 S.E.2d 388 (1997). "[T]he proper manner of review depends upon the particular issues presented on appeal." *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118 (citing *In re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993)). If the petitioner alleges that the agency's decision was based on an error of law, then the superior court applies *de novo* review. *See id. De novo* review requires the court "to consider a question anew, as if not considered or decided by the agency." *Id.* If the petitioner alleges either that the agency's decision was not supported by the evidence, or that the agency's decision was arbitrary and capricious, then the superior court applies the "whole record" test. *See id; see also* N.C. Gen. Stat. § 150B-51(b) (1999). "The 'whole record' test requires the reviewing court to examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence.' " *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118 (quoting *Rector v. N.C. Sheriffs' Educ. and Training Standards Comm.*, 103 N.C. App. 527, 532, 406 S.E.2d 613, 616 (1991)).

> [W]hile [t]he nature of the contended error dictates the applicable scope of review, this rule should not be interpreted to mean the manner of . . . review is governed merely by the label an appellant places upon an assignment of error; rather, [the court] first determine[s] the actual nature of the contended error, then proceed[s] with an application of the proper scope of review.

*In re Appeal of Willis*, 129 N.C. App. 499, 501, 500 S.E.2d 723, 725-26 (1998) (citing *Utilities Comm. v. Oil Co.*, 302 N.C. 14, 21, 273 S.E.2d 232, 236 (1981); *Amanini*, 114 N.C. App. at 675, 443 S.E.2d at 118)) (internal quotations omitted).

Accordingly, the first question we reach in this analysis is "whether the trial court exercised the appropriate scope of review." *See ACT-UP*, 345 N.C. at 706, 483 S.E.2d at 392. "Absent a declaration by the superior court denominating its process of review, we look to the parties' characterization of the alleged error on appeal [to the trial court]." *Willis*, 129 N.C. App. at 502, 500 S.E.2d at 726 (internal citations and quotations omitted). We noted in *Willis*, 129 N.C. App. at 503, 500 S.E.2d at 726-27, and *Hedgepeth v. N.C. Div. of Servs. for the Blind*, 142 N.C. App. 338, 349, 543 S.E.2d 169, 176 (2001), that in reviewing a decision from an agency, a trial court's order must: (1) set out the appropriate standards of review, and (2) "delineate which standard the court utilized in resolving each separate issue." Without these two necessary steps, "this Court is unable to make the requisite

threshold determination that the trial court 'exercised the appropriate scope of review.' " *See Hedgepeth*, 142 N.C. App. at 348, 543 S.E.2d 175 (quoting *Willis*, 129 N.C. App. at 503, 500 S.E.2d at 726).

Here, there are multiple issues on appeal, some requiring *de novo* review and others requiring the "whole record" test. *See McCrary*, 112 N.C. App. at 165, 435 S.E.2d at 363 ("A reviewing court may even utilize more than one standard of review if the nature of the issues raised so requires"). Neither the petitioner nor the trial court specified which standard of review it applied to each alleged error. *See Amanini*, 114 N.C. App. at 675, 443 S.E.2d at 118 (noting that the Court is not limited to the manner of review specified by an appellant; the Court must determine for itself the actual nature of the error). "Given the nature of the trial court's order, we find ourselves unable to conduct our necessary threshold review," and " 'we decline to speculate in that regard.' " *Hedgepeth*, 142 N.C. App. at 349, 543 S.E.2d at 176 (quoting *Willis*, 129 N.C. App. at 503, 500 S.E.2d at 726).

Accordingly, we reverse the trial court's order and remand this matter so that the trial court may (1) provide its own characterization of the issues presented by petitioner and (2) clearly and separately detail the standards of review used to resolve each distinct issue raised.

Motion to Dismiss denied.

Reversed and remanded.

Judges TIMMONS-GOODSON and JOHN concur.