GATES FOUR HOMEOWNERS ASSOCIATION, INC., A NORTH CAROLINA NON-PROFIT CORPORATION, ET AL., PETITIONERS v. CITY OF FAYETTEVILLE, A NORTH CAROLINA MUNICIPALITY, RESPONDENT APPELLEE

No. COA04-1202

(Filed 7 June 2005)

**1. Cities and Towns— annexation—motion to intervene— timeliness**

A motion to intervene in an annexation was properly denied where the motion came almost six months after the annexation was adopted by the city. The proposed intervenors failed to comply with the time requirements of N.C.G.S. § 160A-50(a), which governs instead of N.C.G.S. § 1A-1, Rule 24.

**2. Cities and Towns— annexation—motion to intervene— timeliness—Rule 24**

The trial court did not abuse its discretion by denying a motion to intervene in an annexation. Even if N.C.G.S. § 1A-1, Rule 24 applies, the factors to be reviewed in determining timeliness on a motion to intervene under that rule did not support the petitioners' position.

Appeal by proposed intervenors Cumberland County Citizens United, Inc., et al., from order entered 28 June 2004 by Judge Gary L. Locklear in Cumberland County Superior Court. Heard in the Court of Appeals 13 April 2005.

*C. Wes Hodges, II, P.L.L.C., by C. Wes Hodges, II, for petitioner appellees.*

*Parker, Poe, Adams, & Bernstein, L.L.P., by R. Bruce Thompson II and Anthony Fox; and City Attorney Karen M. McDonald, for respondent appellee.*

*The Brough Law Firm, by Robert E. Hornik, Jr., for proposed intervenor appellants.*

McCULLOUGH, Judge.

Proposed intervenors appeal from the trial court's order denying its motion to intervene in the proceedings involving the review of an annexation ordinance. On 24 November 2003, the City of Fayetteville adopted an ordinance annexing approximately 28 square miles and over 40,000 residents of Cumberland County. The annexation was to become effective on 30 June 2004. In North Carolina, an owner of annexed property can seek judicial review if the owner files a petition "[w]ithin 60 days following the passage of an annexation ordinance[.]" N.C. Gen. Stat. § 160A-50(a) (2003).

Petitioners, who were members of the Gates Four community, filed the only petition for judicial review within the statutory period. No one else, including the proposed intervenors, filed a petition within that period. The local media first reported the Gates Four challenge on 30 January 2004.

On 25 March 2004, the Gates Four community and the City of Fayetteville mediated this dispute. During the mediation, the parties reached a tentative agreement in which the City agreed to remove Gates Four from the area to be annexed and not to institute any other involuntary annexation proceedings against Gates Four before 30 June 2008. This agreement was subject to approval by the Gates Four Homeowners Association and the Fayetteville City Council. A superior court judge also had to approve the settlement pursuant to N.C. Gen. Stat. § 160A-50(m) (2003).

On 4 April 2004, *The Fayetteville Observer* made public the proposed settlement in a newspaper article entitled "Gates Four may be excused." The article noted that "[u]nder the proposed settlement, Gates Four would not be annexed and the city would proceed with taking in the rest of the [annexation area] territory on June 30." The proposed intervenors failed to take action at that time.

On 12 May 2004, the Gates Four community and the City entered into a formal settlement agreement that memorialized the agreement the parties reached at mediation. The superior court entered a consent judgment on that same date. The judgment was entered under N.C. Gen. Stat. § 160A-50(m) which gives a superior court discretion to resolve an annexation challenge by approving "[a]ny settlement reached by all parties[.]" With the parties' consent, the superior court excluded Gates Four from the annexation.

For about six weeks prior to the 12 May judgment, the local media publicized the potential settlement of this action. There were at least seven articles discussing the proposed settlement. However, the proposed intervenors did not take any action.

On 14 June 2004, proposed intervenors made a motion to intervene. This was six months after the city adopted the ordinance, thirty-three days after the superior court entered final judgment, and sixteen days before the annexation's effective date. The superior court denied the motion to intervene. Proposed intervenors appeal.

[1] On appeal, proposed intervenors argue that the trial court erred by denying their motion to intervene. We disagree and affirm the decision of the trial court.

Citing Rule 24(a) of the North Carolina Rules of Civil Procedure, proposed intervenors contend that the trial court erred in denying their motion to intervene. However, while the North Carolina Rules of Civil Procedure govern civil proceedings generally, they do not apply "when a differing procedure is prescribed by statute[.]" N.C. Gen. Stat. § 1A-1, Rule 1 (2003).

N.C. Gen. Stat. § 160A-50 (2003), outlines the procedure for annexation, including the time limitations. Under subsection (a), a property owner *must* petition for judicial review within 60 days following the adoption of the annexation ordinance. N.C. Gen. Stat. § 160A-50(a). Proposed intervenors have failed to comply with the procedure set forth in the annexation provisions because they moved to intervene almost six months after the city adopted the annexation. Because Rule 24 intervention would have violated the statutory procedure of N.C. Gen. Stat. § 160A-50, intervention was not available. Therefore, the motion to intervene was properly denied.

[2] Proposed intervenors' appeal fails for another reason. Even if Rule 24 had applied, proposed intervenors cannot show that the trial

court abused its discretion in denying the motion to intervene. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 24 (2003),

[u]pon timely application anyone shall be permitted to intervene in an action:

(1) When a statute confers an unconditional right to intervene; or

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The determination of the timeliness of the motion under this rule is left to the sound discretion of the trial court. *Taylor v. Abernethy*, 149 N.C. App. 263, 268, 560 S.E.2d 233, 236 (2002), *disc. review denied*, 356 N.C. 695, 579 S.E.2d 102 (2003). Such rulings are given great deference and will only be overturned upon a showing that the ruling " ' "was so arbitrary that it could not have been the result of a reasoned decision." ' " *Id.* (citations omitted).

When considering the issue of timeliness, North Carolina Courts consider five factors:

"(1) the status of the case, (2) the possibility of unfairness or prejudice to the existing parties, (3) the reason for the delay in moving for intervention, (4) the resulting prejudice to the applicant if the motion is denied, and (5) any unusual circumstances."

*State ex rel. Easley v. Philip Morris, Inc.*, 144 N.C. App. 329, 332, 548 S.E.2d 781, 783 (citation omitted), *disc. review denied*, 354 N.C. 228, 554 S.E.2d 831 (2001). While post-judgment intervention is not impossible, the law disfavors it. *Id.* It will only be allowed if there are extraordinary and unusual circumstances. *Id.*

After evaluating all five factors, we must conclude that the trial court did not abuse its discretion in denying the motion to intervene.

With regard to the first factor, status of the case, proposed intervenors tried to intervene 33 days *after* the court entered final judgment. As we have indicated, post-judgment intervention is disfavored. Similarly, under the second factor dealing with prejudice to the existing parties, intervention would prejudice the City and the Gates Four community by destroying their settlement.

The final three factors do not support proposed intervenors' position. Proposed intervenors have not offered a legitimate reason for the delay, and their "reliance" on the Gates Four community is meritless because there was no agreement, promise, or representation that Gates Four would protect their interests. Although denying the motion to intervene would prejudice proposed intervenors, their own inaction has led to this result. Finally, there are no unusual circumstances which lead us to conclude that the trial court abused its discretion in denying the motion to intervene.

After careful consideration of the record, briefs, and arguments of the parties, we conclude that the trial court acted appropriately in denying the motion to intervene. The decision of the trial court is

Affirmed.

Judges HUNTER and LEVINSON concur.